**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT SAUNDERS, | No. 12-15578 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02559-GEB-KJN |
| v. | |
| LAW OFFICES OF ELAINE VAN BEVEREN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Robert Saunders appeals pro se from the district court's judgment dismissing

his action under 42 U.S.C. §§ 1983 and 1985(3) alleging that defendant Elaine Van

Beveren violated his constitutional rights while representing his minor children in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

custody proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Saunders's § 1983 claim against Van Beveren and her law firm because Saunders failed to allege facts showing that Van Beveren acted under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (court-appointed defense counsel did not act under color of state law for purposes of § 1983 "when performing a lawyer's traditional functions"); *Kirtley v. Rainey*, 326 F.3d 1088, 1093-96 (9th Cir. 2003) (court-appointed guardian ad litem for a minor did not act under color of state law where her functions were to advocate for the child's best interests and provide the court with independent information regarding the custody dispute).

The district court properly dismissed Saunders's § 1985(3) claim against Van Beveren and her law firm because the claim was premised on the same factual allegations as Saunders's § 1983 claim, and because Saunders failed to allege discriminatory animus.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-68 (9th Cir. 2005) (discussing the intent requirement of an equal protection claim, including under a "class of one" theory, and explaining that the absence of a deprivation of rights under § 1983 precludes a § 1985(3) claim premised on the

same allegations); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (invidiously discriminatory, racial or class-based animus is a necessary element of a § 1985(3) claim).

The district court properly dismissed Saunders's claims against the County of Sacramento because the claims were based on Van Beveren's appointment by the Superior Court, which is an agency of the State, not the County. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").

The district court did not abuse its discretion in denying Saunders's motion to amend the judgment because the motion raised only arguments that the court had properly rejected. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (reviewing for an abuse of discretion and setting forth grounds for amending the judgment under Fed. R. Civ. P. 59(e)).

We are unpersuaded by Sanders's contentions that the district was biased against him or failed to address his objections to the magistrate judge's findings and recommendations, or that defendants admitted Saunders's allegations by failing to file a responsive pleading.

**AFFIRMED.**